FILED



MAY 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLEO DAILY, her personal capacity and as Personal Representative of the Estate of Zachary Pithan; TRACY PITHAN,<br><br>        Plaintiffs-Appellants,<br><br> v.<br><br>CITY OF PHOENIX; CLINTON BROOKINS,<br><br>        Defendants-Appellees. | No.   17-16793<br><br>D.C. No. 2:14-cv-00825-SPL<br>District of Arizona,<br>Phoenix<br><br>ORDER |

Before:  CLIFTON, IKUTA, and FRIEDLAND, Circuit Judges.

The memorandum disposition filed on April 10, 2019 is amended.  On page 5, <For the same reason, Plaintiffs have waived any challenge to the district court's grant of summary judgment to Defendants on the state law wrongful death claims.> is added after the final sentence of the disposition.  An amended memorandum disposition is filed concurrently with this order.

With this amendment, the majority of the panel has voted to deny the petition for panel rehearing.  Judge Friedland has voted to deny the petition for rehearing en banc, and Judge Clifton so recommends.  Judge Ikuta has voted to grant the petition for rehearing en banc.

The full court has been advised of the petition for rehearing and rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for panel rehearing and rehearing en banc is DENIED. No further petitions may be filed.

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLEO DAILY, her personal capacity and as Personal Representative of the Estate of Zachariah Pithan; TRACY PITHAN, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CITY OF PHOENIX; CLINTON BROOKINS, <br><br> Defendants-Appellees. | No. 17-16793 <br><br> D.C. No. 2:14-cv-00825-SPL <br><br> AMENDED MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted March 8, 2019
Phoenix, Arizona

Before: CLIFTON, IKUTA, and FRIEDLAND, Circuit Judges.

Zachariah Pithan's parents ("Plaintiffs") brought a lawsuit under 42 U.S.C.

§ 1983 against Phoenix police officer Clinton Brookins and the City of Phoenix

(collectively, "Defendants") alleging that Brookins used excessive force in

violation of the Fourth Amendment and deprived Plaintiffs of their Fourteenth

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Amendment right to familial association when Brookins shot and killed Pithan during a struggle at Pithan's apartment. The district court granted summary judgment for Defendants on all claims, holding that Brookins's use of force was objectively reasonable under the Fourth Amendment and that he had not violated the Fourteenth Amendment because he had not acted with a purpose to harm Pithan that was unrelated to legitimate law enforcement objectives. The court dismissed the associated municipal liability claims because there was no underlying constitutional violation. We affirm in part and reverse in part.

1. The district court erred in granting summary judgment on Plaintiffs' Fourth Amendment excessive force claim against Brookins. The "most important" factor in determining whether deadly force was justified is whether the suspect poses an immediate threat to the safety of the officer or others. *Estate of Lopez ex rel. Lopez v. Gelhaus*, 871 F.3d 998, 1006 (9th Cir. 2017). Here, there is a genuine dispute whether a threat existed. Brookins alleges that Pithan picked up a wooden stick during the struggle and attempted to swing it at another officer's face, causing Brookins to fear for the officer's safety and justifying his decision to shoot Pithan twice in the chest. But none of the other three officers in the room saw Pithan holding a stick, even though they were right next to Pithan and even though Brookins alleges that Pithan swung the stick at one of their faces. Because a reasonable jury could find that at least one other officer would have seen Pithan

holding a stick if Brookins's account were true, we cannot conclude that Brookins's version of the events is "uncontradicted."[1] *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir. 1994). Rather, because there is a genuine factual dispute about whether Pithan picked up a stick, the district court erred in granting summary judgment on Plaintiffs' Fourth Amendment excessive force claim. *See Lopez*, 871 F.3d at 1006; *Cruz v. City of Anaheim*, 765 F.3d. 1076, 1079-80 (9th Cir. 2014); *Gonzalez v. City of Anaheim*, 747 F.3d 789, 795 (9th Cir. 2014) (en banc); *Santos v. Gates*, 287 F.3d 846, 851 (9th Cir. 2002); *Ting v. United States*, 927 F.2d 1504, 1511 (9th Cir. 1991).

**2.** Summary judgment on Plaintiffs' Fourteenth Amendment familial association claim was appropriate. *See Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1075 (9th Cir. 2013). To prove that public officials violated the due process clause of the Fourteenth Amendment by depriving a plaintiff of her

---

[1] The dissent repeats the district court's conclusion that *Cruz v. City of Anaheim*, 765 F.3d 1076, 1080 (9th Cir. 2014), suggests that it would be *more* suspicious if the other officers' stories matched Brookins's version of events. But this is a misreading of our holding in *Cruz*. *Cruz* held that the fact that all four of the officers claimed to have seen the suspect reach for his waistband at the exact moment—despite the fact that they were in different locations surrounding the victim and most or all of them had a car door blocking their view of the suspect's waistband—was suspicious, and that a reasonable jury could find it was likely that the officers had lied. *Id.* Our focus was on "whether the officers' accounts [we]re 'consistent with other known facts,'" which they appeared not to be. *Id.* at 1079 n.3. Nothing in *Cruz* suggests that an officer's story is *more* credible if it does not match his fellow officers' accounts.

right to familial association, the plaintiff must show that the officials' conduct "shocks the conscience"—meaning that they acted with a "purpose to harm" the decedent that was "unrelated to legitimate law enforcement objectives." *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008). The only evidence that Plaintiffs offer of such a purpose is a handful of Brookins's Facebook posts from two to three years prior to the incident in which Brookins discussed wanting to shoot a firearm and expressed disdain for a vaguely defined group of criminals. The posts do not indicate that Brookins acted with a purpose to harm Pithan specifically, because they are not directed toward Pithan and were made several years earlier. Absent any other evidence about Brookins's motive at the time of the incident here, a jury could not reasonably conclude that Brookins acted without a legitimate law enforcement objective in mind, even if he used excessive force in his actions. *See Gonzalez*, 747 F.3d at 797-98 (affirming summary judgment on a familial association claim even where there is a genuine dispute of material fact that warrants reversal on the excessive force claim). We therefore affirm summary judgment on Plaintiffs' familial association claim.

3. The district court granted summary judgment to the City of Phoenix on Plaintiffs' claims under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Plaintiffs waived any challenge to this aspect of the district court's ruling by failing to make any arguments about municipal liability in their opening brief.

4

*See Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1213 (9th Cir. 2017) ("[Appellant's] opening brief does not discuss his *Monell* policy or custom claims against [the defendants], nor does it cite any authority related to these claims. We therefore decline to address [Appellant's] argument, raised for the first time in his reply brief, that the district court erred in dismissing his policy-based claims."). For the same reason, Plaintiffs have waived any challenge to the district court's grant of summary judgment to Defendants on the state law wrongful death claims.

**AFFIRMED** in part, **REVERSED** in part and **REMANDED**.

*Daily v. Phoenix*, No. 17-16793
IKUTA, Circuit Judge, dissenting:

The central question before us is whether, as Brookins testified, Pithan grabbed a 16-inch wooden spindle during his melee with the four police officers. The parties do not dispute that an officer's use of deadly force in such a circumstance is not excessive, and therefore does not violate the Fourth Amendment.

The plaintiffs assert that there is a genuine issue of material fact as to whether Officer Brookins was credible, but point to no evidence in the record to support this claim. The three other officers attempting to subdue Pithan testified they did not see him grab the wooden spindle during the approximately 30 seconds in which the struggle took place. But they also testified that they were not in a position to know whether or not Pithan had a weapon in his hands. Two of the officers stated that they were focusing solely on Pithan's legs, and the third officer stated that he "could not see [Pithan's] left hand and/or his right hand and the actions that [he] was doing with those."

There is no evidence in the record (expert testimony or otherwise) that given the officers' position, the size of the room, and the duration of the confrontation, one or more of the officers would necessarily have seen the spindle in Pithan's hand if there had been one. Nor does the officers' failure to see the spindle,

without more, give rise to a suspicion that Brookins is not telling the truth. Rather, our precedent indicates that it would be more suspicious if all the officers gave a consistent account of the struggle. *See Cruz v. City of Anaheim*, 765 F.3d 1076, 1080 (9th Cir. 2014).

In short, the majority's conclusion that "a reasonable jury could find that at least one other officer would have seen Pithan holding a stick if Brookins's account was true," is based on nothing in the record.

Because there is no genuine issue of material fact on the excessive force claim, I would affirm the district court's grant of summary judgment in favor of Brookins. Accordingly, I dissent.